IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID E. EDWARDS, et al.,            No. CIV S-09-0275-CMK-P

        Plaintiffs,

    vs.                            ORDER

CSP SOLANO, et al.,

        Defendants.

_____ /

        Plaintiffs, who are proceeding pro se, bring this civil rights action pursuant to 42 U.S.C. § 1983.[1] Pending before the court is plaintiffs' complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

---

[1] Plaintiff David E. Edwards is a state prisoner. His son, plaintiff Jonathan Edwards is not incarcerated.

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFFS' ALLEGATIONS

Plaintiffs name the following as defendants: Peck and California State Prison – Solano. They state that they were denied the opportunity for visitation in January 2008. Specifically, plaintiffs claim that defendant Peck failed to include David Edwards' name on a list of inmates approved for visitation. They state that defendant Peck did so in retaliation for plaintiff David Edwards' prior refusal to cross an inmate "strike" line to attend his job assignment and for no other legitimate penological reason. Plaintiff David Edwards states that he did not cross the "strike" line out of fear he would face reprisal from other inmates.

## II. DISCUSSION

Plaintiffs' claim is based on a theory of retaliation. Prisoners retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must allege that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994)

1  (per curiam). In meeting this standard, the prisoner must allege a specific link between the
2  alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802,
3  807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The
4  prisoner must also allege that his constitutional right was actually chilled by the alleged
5  retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). Thus, the prisoner
6  plaintiff must allege the following in order to state a claim for retaliation: (1) prison officials took
7  adverse action against the inmate; (2) the adverse action was taken because the inmate engaged
8  in protected conduct; (3) the adverse action actually chilled the inmate's First Amendment rights;
9  and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes v.
10 Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

Here, plaintiffs claim that they were denied visitation in retaliation for plaintiff David Edwards' refusal to cross the "strike" line. However, refusal to cross the "strike" line is not protected conduct.[2] Thus, as to plaintiff David Edwards, there could not have been any unconstitutional retaliation. As to plaintiff Jonathan Edwards, defendants' alleged conduct did not relate to anything he did or refused to do. Therefore, there could have been no retaliation as to him either.

In addition, California State Prison – Solano is not a proper defendant. As a part of the California Department of Corrections and Rehabilitation, it would be immune from suit. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of

---

[2] An example of protected conduct would be filing an inmate grievance or lawsuit.

3

the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 11-110.

IT IS SO ORDERED.

DATED: April 13, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE