IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS, et al., | No. CIV S-09-0275-CMK-P |
| Plaintiffs, | |
| vs. | ORDER |
| CSP SOLANO, et al., | |
| Defendants. | |
| _____/ | |

Plaintiffs, who are proceeding pro se, bring this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiffs have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiffs' complaint (Doc. 1) and plaintiffs' response to the court's April 14, 2009, order to show cause why this action should not be dismissed for failure to state a claim.

///

///

///

---

[1] Plaintiff David E. Edwards is a state prisoner. His son, plaintiff Jonathan Edwards is not incarcerated.

1

In the order to show cause, the court summarized plaintiffs' allegations as follows:

> Plaintiffs name the following as defendants: Peck and California State Prison – Solano. They state that they were denied the opportunity for visitation in January 2008. Specifically, plaintiffs claim that defendant Peck failed to include David Edwards' name on a list of inmates approved for visitation. They state that defendant Peck did so in retaliation for plaintiff David Edwards' prior refusal to cross an inmate "strike" line to attend his job assignment and for no other legitimate penological reason. Plaintiff David Edwards states that he did not cross the "strike" line out of fear he would face reprisal from other inmates.

As to these allegations, the court stated:

> Plaintiffs' claim is based on a theory of retaliation. Prisoners retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must allege that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must allege a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also allege that his constitutional right was actually chilled by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). Thus, the prisoner plaintiff must allege the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action actually chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).
>
> Here, plaintiffs claim that they were denied visitation in retaliation for plaintiff David Edwards' refusal to cross the "strike" line. However, refusal to cross the "strike" line is not protected conduct.[2] Thus, as to plaintiff David Edwards, there could not have been any unconstitutional retaliation. As to plaintiff Jonathan Edwards, defendants' alleged conduct did not relate to anything he did or refused to do. Therefore, there could have been no retaliation as to him either.

///

---

[2] An example of protected conduct would be filing an inmate grievance or lawsuit.

In addition, California State Prison – Solano is not a proper defendant. As a part of the California Department of Corrections and Rehabilitation, it would be immune from suit. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

In response to the order to show cause, plaintiffs state: "Plaintiff's claim is not based on a theory of retaliation, but on the defendants' failure to accord Plaintiff his constitutional procedural due process prior to the denial of his state created liberty interest in visitation. . . ." They also state:

> Plaintiff's claim retains merit when characterized as a theory of retaliation. This is not retaliation for exercising a first amendment right, but rather for exercising a state created right [to visitation]. . . .

Finally, plaintiffs concede that this action cannot proceed against California State Prison – Solano for the reasons outlined in the court's order to show cause.

Based on plaintiffs' response, it is clear that the underlying basis of their action is their assertion that defendants denied them the right to visitation. Prisoners, however, do not have a right to unfettered visitation. See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989). Further, prisoners have no right to contact visitation. See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994). As to plaintiffs' assertion that defendants violated a state-created liberty interest in visitation, in determining whether state law confers such an interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate

in relation to the ordinary incidents of prison life." Id. at 483-84.  Given the temporary nature of the restriction on visitation, the facts alleged cannot establish an atypical and significant hardship.

        Because the defects in plaintiffs' complaint cannot be cured through further amendment, this action is dismissed without leave to amend for failure to state a claim. . See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  The Clerk of the Court is directed to enter judgment and close this file.

        IT IS SO ORDERED.

DATED: May 19, 2009

                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE